IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
MAR - 1 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Marcus Alls,
    Petitioner,

v.                             1:09cv506 (LMB/TRJ)

Patricia R. Stansberry,
    Respondent.

## MEMORANDUM OPINION

Marcus Jabor Alls, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). Respondent has filed motions to dismiss the petition and alternatively for summary judgment, with a supporting memorandum and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a pleading captioned as a Motion in Response to Respondent's Motion to Dismiss with a memorandum in support. Respondent has filed a reply. For the reasons that follow, respondent's motion for summary judgment must be granted, and summary final judgment will be entered in her favor. Respondent's motion to dismiss will be denied as moot.

### I. Background

The following material facts are uncontroverted. On January 22, 2005, Alls was arrested for carrying a pistol by local police in Troy, Alabama. Resp. Ex. 1, ¶ 5.[1] He was released on bond the

---

[1] Respondent's Exhibit 1 is the sworn declaration of J. R. Johnson, a Correctional Program Specialist at the BOP's Designation and Sentence Computation Center. Appended to the declaration are several attachments, which will be referenced in this Memorandum as "Att." followed by the appropriate number.

following day. Att. 1. On July 20, 2005, Alls pleaded guilty to the charge and paid a fine. Resp. Ex. 1, ¶ 5.

On August 3, 2005, Alls was indicted in the United States District Court for the Middle District of Alabama for the offense of possession of a firearm by a convicted felon. He was arraigned on the charge on August 18, 2005, pleaded not guilty, and was released on bond. Resp. Ex. 1 at ¶ 6; Att. 2.

On December 31, 2005, Alls again was arrested by Alabama police and charged with first degree burglary. Resp. Ex. 1 at ¶ 7; Att. 2. Alls remained in state custody following this arrest. Id. On the same date, the United States District Court for the Middle District of Alabama issued a warrant for Alls' arrest, based on a violation of the conditions of his release on bond. Resp. Att. 2. Alls was temporarily released from an Alabama jail to the United States Marshals Service ("USMS") on February 9, 2006, pursuant to a federal writ of habeas corpus *ad prosequendum*. Resp. Ex. 1 at ¶ 7; Att. 2. On February 24, 2006, following a jury trial, Alls was convicted of the offense of felon in possession of a firearm, Resp. Ex. 1 at ¶ 8, and he was sentenced on June 8, 2006 to serve fifty-seven (57) months in prison. Resp. Ex. 1 at ¶9; Att. 5 - 6. The judgment specified that "[i]f the defendant is found not guilty in the State Court case and does not receive credit from December 20, 2005 through February 9, 2006, this imprisonment time should be credited to this Federal sentence." Att. 5 at 2. Alls was returned to the Alabama jail on June 16, 2006. Resp. Ex. 1 at ¶10; Att. 3 at 2.

On July 23, 2007, Alls pleaded guilty to the state burglary charge, and received a sentence of ten (10) years imprisonment, with eight (8) years suspended. Resp. Ex 1 at ¶ 11; Att. 1, 7. Alls received 579 days jail credit toward the Alabama sentence, representing the time he spent in custody beginning on the date of his arrest, December 21, 2005, through July 22, 2007, the day before

2

sentence was imposed on the state charge. Att. 8. The Alabama judgment indicated that Alls' state sentence was to run concurrently with the federal sentence which had been imposed but had yet to be served. Att. 7.

Alls was released from the Alabama Department of Corrections to the USMS to begin service of the federal sentence on December 18, 2007. Resp. Ex. 1 at ¶ 12; Att. 3 at 2; Att. 9. In accord with Program Statement 5880.28 and 18 U.S.C. §§ 3584(a) and 3585(a), the BOP prepared a sentence computation for Alls reflecting commencement of his federal sentence on December 18, 2007, the date Alls was released by Alabama authorities and was received into the primary custody of the USMS. Resp. Ex. 1 at ¶¶ 13 - 14; Att. 10 - 11. Alls was granted prior custody credit for the time he already had spent in federal custody, that is, from the date of his arrest on January 22, 2005 until his release on bond the following day, and for August 18, 2005, the date of his federal arraignment. Att. 11 at 2. The BOP did not apply prior custody credit against Alls' federal sentence for the time during which he was in the primary custody of the State of Alabama in service of his Alabama sentence, from December 21, 2005 until July 22, 2007. Resp. Ex. 1 at ¶¶ 15 - 16. However, as noted above, Alls did receive credit for that period of time against his Alabama sentence. Att. 8.

On May 23, 2008, Alls submitted an administrative remedy request to the warden of FCI Petersburg, his present place of incarceration, claiming that his release date was calculated incorrectly. Resp. Ex. 1 at ¶ 17. The BOP treated Alls' request for prior custody credit as a request for *nunc pro tunc* designation,[2] and Alls' sentencing court was contacted for its position regarding

---

[2] In Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991), where a federal prisoner sought a writ of habeas corpus after the BOP failed to consider his request to designate a state prison as his place of confinement for purposes of determining his entitlement to credit against his federal sentence for time he spent in state custody, the Third Circuit held that "federal authorities have an obligation ... to look at Barden's case and exercise the discretion the applicable statute grants the [BOP] to decide

3

a concurrent designation. Id.; Att. 13. When no response was received from the sentencing court within sixty (60) days,[3] the BOP determined based on the factors enumerated at 18 U.S.C. § 3621(b) that a concurrent designation was not appropriate in Alls' case.[4] Resp. Ex. 1 at ¶¶ 18 - 19; Att. 14. Based on these calculations and his projected earning of good time credits, Alls presently is scheduled to be released from BOP custody on February 4, 2012. Resp. Ex. 1 at ¶ 20; Att. 11 at 2.

In this petition for habeas relief pursuant to § 2241, Alls argues that the BOP erred in failing to provide him with credit against his federal sentence for the time he spent in Alabama custody.

---

whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc.*" A *nunc pro tunc* designation seeks to have the BOP designate a prisoner's prior facility of state custody as the place of federal custody for purposes of a federal sentence. The result is that time served in state custody is credited against the time the inmate must serve on a federal sentence, in effect causing the state and federal sentences to run concurrently. See Trowell v. Beeler, 135 Fed. Appx. 590, 593 (4th Cir. 2005).

[3]Alls subsequently wrote to the Alabama sentencing court in August, 2009, requesting a copy of the letter the court had received from the BOP. Apparently prompted by that correspondence, the court addressed a letter to the BOP's Designation and Computation Center on September 21, 2009, stating that it "only recently received your letter dated August 29, 2008, requesting a retroactive designation of Marcus Jabor Alls. This Court takes no position with regard to said designation." Pet. Mot. in Response, Ex. 1 & 1(a). Because the court expressed no opinion with regard to a *nunc pro tunc* designation, Alls plainly suffered no prejudice when the BOP did not receive the court's response in a more timely manner.

[4]Section 3621(b) provides that the BOP shall designate the place of a prisoner's imprisonment, and may designate any facility that meets minimum standards and that the BOP determines is "appropriate and suitable, considering -

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence —
    (A) concerning the purposes for which the sentence to imprisonment
    was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

4

Essentially, Alls contends that the BOP has erred by failing to comply with the Alabama judgment which specified that his state sentence should run concurrently with the then-unserved federal sentence. In Alls' view, to rectify this error, the BOP must now be directed to credit the time Alls spent in Alabama custody against his federal sentence. Pet. at 3. Alls has submitted exhibits which appear to demonstrate, and respondent does not dispute, see Resp. Ex. 1 at ¶ 21, that Alls has exhausted available administrative remedies as to his claim. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual

---

[5]Respondent explains that she moved both for dismissal of Alls' petition and alternatively for summary judgment because it remains unsettled in the applicable case law whether the limitations on federal courts' ability to review BOP decisions on *nunc pro* tunc designations are jurisdictional in nature. If they are, materials outside the pleadings can be reviewed on a motion to dismiss, without transforming the motion into one for summary judgment. Sec'y of State v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). Here, however, as the question remains open, respondent's arguments and exhibits will be reviewed under the more rigorous standard for summary judgment in an abundance of caution.

issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. " [T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

It is now universally established that, pursuant to the Supremacy Clause, the BOP is not required to effectuate a provision of a state court judgment that a state sentence should run concurrent to a previously-imposed federal judgment. See Barden, 921 F.2d at 478 n. 2 (recognizing that, as the result of the Supremacy Clause, "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."); accord, Trowell, 135 Fed. Appx. at 593-94; Waters v. O'Brien, 2009 WL 2016293 at *4 (W.D. Va. July 9, 2009) ("[T]he state court's intent is not binding on federal authorities or the BOP.").[6] Pursuant to

---

[6] Copies of the unpublished opinions cited in this Memorandum Opinion are included in the record as Resp. Ex. 3.

18 U.S.C. § 3621(b), the BOP has the authority to designate the facility at which a prisoner is to serve a federal sentence, and in this regard it has "wide discretion." Barden, 921 F.2d at 476. While it is within the BOP's discretion to designate a state facility where an inmate previously served a state sentence as the place of his federal incarceration *nunc pro tunc*, there is no requirement that it grant such a request. Id. at 483. Federal habeas review of the BOP's decision in such an instance is highly deferential, Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002), and once the BOP has considered the request, judicial consideration is limited to whether an abuse of discretion occurred. Barden, 921 F.2d at 478. So long as the BOP undertakes an individualized review of an inmate's case and makes a decision to deny a request for designation *nunc pro tunc* after analyzing the five relevant factors prescribed by § 3621, habeas corpus relief from its determination is unavailable. Nale v. Stansberry, 2009 WL 1321507 at *5 (E. D. Va. May 11, 2009) (O'Grady, J.).

Applying these principles to the facts in this case, Alls is entitled to no federal relief. Alls' federal sentence was imposed before his state sentence, and the federal judgment of conviction was silent with respect to whether that sentence would run concurrent or consecutive to any sentence Alls might face on his then-pending state charge. Resp. Att. 5. When Alls subsequently was sentenced on his state conviction, the state judgment provided that the state sentence was to run concurrently with the previously entered (but yet to be served) federal sentence. The state judgment also credited Alls with the 597 days he had spent in state custody against his state sentence.

When the BOP prepared Alls' sentence computation, it determined that his federal sentence commenced on December 18, 2007, when Alabama authorities relinquished control of Alls and placed him into the primary custody of the USMS. The authority to make that determination was uniquely the BOP's, United States v. Hayes, 535 F.3d 907, 910 (8th Cir. 2008), cert. denied, 129

S.Ct. 1983 (2009), and its decision was fully consistent with federal law, which holds that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. §3583(a); see United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (finding that "federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation"). Contrary to Alls' apparent understanding, the fact that the Alabama court previously had directed that the state and federal sentences were to run concurrently did not compel a different decision. See Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005) ("The state sentencing court did specify that the state sentence should run concurrently to the federal sentence. However, such a determination is not binding on federal authorities.") While the BOP in its discretion could have designated the Alabama state facility at which Alls previously was confined as the place of his federal incarceration *nunc pro tunc*, Barden, 921 F.2d at 483, its decision not to do did not represent an abuse of its discretion.

On this record, Alls cannot demonstrate that the BOP failed to consider all of the factors required under § 3621 in denying his *nunc pro* tunc designation request. To the contrary, in his declaration, Correctional Program Specialist Johnson attests that "[a]fter review of the factors set forth in Title 18 U.S.C. § 3621(b), the BOP determined that a concurrent designation was not appropriate in Mr. Alls' case." Resp. Ex. 1 at ¶ 19. Attachment 14 to the declaration is a copy of the worksheet the BOP used to assess each of the five factors specified by § 3621(b). It reflects that an operations manager initially recommended granting Alls' request for a retroactive designation, but the section chief arrived at a contrary final determination, expressly based on factors 2 (nature and circumstances of the offense), 3 (history and characteristic of the prisoner), and 4 (any statement by

8

the court that imposed the sentence). As this uncontroverted evidence indicates that the BOP took all five statutorily relevant factors into account before determining that *nunc pro tunc* designation would not be appropriate in Alls' case, no abuse of its discretion can be demonstrated, Trowell, 135 Fed. Appx. at 593, and federal habeas relief from its decision is foreclosed. Nale, 2009 WL 1321507 at *5.

In his "Motion in Response" to respondent's position, Alls argues essentially that federal jurisdiction should be deemed to have commenced and to have become primary over that of the Alabama court on August 3, 2005, when Alls was arraigned in the Middle District of Alabama. Alls reasons that from that time forward, his federal sentence should be deemed to have "run uninterrupted." Pet. Mo. in Response at 7. Thus, Alls contends, the BOP should be required to credit his "uninterrupted" federal sentence with the time he remained incarcerated in the Alabama jail following his conviction and sentencing on the federal charge on June 8, 2006.

Alls' argument is flawed in several respects. First, his supposition that he remained in federal custody following his federal arraignment is erroneous. It is settled that an individual who is placed on bond is not in "custody" so as to obtain credit against a subsequent sentence. Reno v. Koray, 515 U.S. 50, 57 (1995) ("[A] defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions ... is 'released.'"); accord, United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991). Therefore, as Alls was released on bond following his federal arraignment, Resp. Att. 2, his federal custody plainly did not commence at that time. Alls' corollary contention that he should receive credit against his federal sentence for the time he served between June 8, 2006 and July 22, 2007 because "he was still [in the] primary jurisdiction of federal authorities" during that period thus must also fail. Indeed, as respondent points out, the

fact that a writ of habeas corpus *ad prosequendum* was necessary to secure Alls' presence at his February, 2006 federal trial belies his assertion that he was then in federal custody. See Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir. 1992) (noting that a person subject to an *ad prosequendum* writ "is merely 'on loan' to federal authorities."). Lastly, to the extent that Alls in his reply revisits the issue of the BOP's decision to decline his request for *nunc pro tunc* designation, his argument is without merit for the reasons discussed above. The uncontroverted fact that the BOP considered all five factors required under § 3621(b) before denying Alls' application forecloses federal judicial interference in that outcome.

## IV. Conclusion

For the foregoing reasons, respondent's motion for summary judgment will be granted, and summary final judgment will be entered in her favor. Respondent's motion to dismiss will be denied, as moot, and petitioner's Motion in Response to Respondent's Motion to Dismiss will be denied. An appropriate Order shall issue.

Entered this 1st day of March 2010.

Alexandria, Virginia

/s/ Leonie M. Brinkema
United States District Judge